IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN ANDREW, THOMAS A.
FRIEDRICH, JAKE GONZALES,
JUAN GONZALEZ, KEVIN PRESCOTT,
DANNY REESE, and LEE WILKS,
Individually and on behalf of all those
similarly situated,

       Plaintiffs,

vs.                                       No. CIV 10-1239 JB/GBW

SCHLUMBERGER TECHNOLOGY
CORPORATION,

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss, filed January 1, 2011 (Doc. 4).  The Court held a hearing on March 16, 2011.  The primary issue is whether the Plaintiffs' claims, which were previously barred by the one-year statute of limitations in N.M.S.A. 1978, § 37-1-5 in force at the time Defendant Schlumberger Technology Corporation allegedly violated the Plaintiffs' rights, were retroactively revived when the New Mexico Legislature amended the statute to provide for a three-year time period in which to file suit.  Because there is no evidence of a clear legislative intent to apply § 37-1-5, as amended, to retroactively revive the Plaintiffs' causes of action that had already been extinguished by the running of the statute of limitations, the Court will grant the Defendant's motion to dismiss.

## <u>FACTUAL BACKGROUND</u>

The Plaintiffs are former and present Schlumberger Technology employees in New Mexico.  <u>See</u> Complaint for Unpaid Overtime Wages ¶¶ 4-5, at 3, filed November 15, 2010 (Doc. 1, Ex.

A)("Complaint").  They allege that they worked "large amounts" of overtime between the dates they began their respective Schlumberger Technology employment and December 31, 2007, and that Schlumberger Technology paid them fluctuating overtime rates rather than consistent time-and-a-half rates for those overtime hours.  Complaint ¶¶ 7-10, at 3-4.  The Fluctuating Workweek ("FWW") method of paying overtime is permissible under the federal Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 through 219 ("FLSA").  See 29 C.F.R. § 778.114; Clements v. Serco, Inc., 530 F.3d 1224, 1230 (10th Cir. 2008).

Paying overtime pursuant to the FWW method results in overtime being paid at a "half-time" rate rather than a "time-and-a-half" rate, but in weeks where the employee works less than forty hours, he or she is nevertheless paid for forty hours of work.  Clements v. Serco, Inc., 530 F.3d at 1230.  Based on a February 28, 2006, decision from the New Mexico Court of Appeals, however, New Mexico no longer permits employers and employees in New Mexico to agree to use the FWW method to calculate the payment of wages for overtime hours.  See Labor & Indus. Div. v. Echostar Commc'ns Corp., 139 N.M. 493, 498, 134 P.3d 780, 784-85 (Ct. App. 2006)(holding that "calculating overtime based on a fluctuating workweek . . . is inconsistent with Section 50-4-22(C)" of the New Mexico Code).

The Plaintiffs state that "Schlumberger Technology's last payment of overtime wages to Plaintiffs based upon the [FWW method] was the last pay period of 2007, which was in December of 2007. . . ."  Complaint ¶ 9, at 4.

**PROCEDURAL BACKGROUND**

The Plaintiffs did not file this action until November 19, 2010 -- almost three years after Schlumberger Technology's last payment of overtime wages to the Plaintiffs based upon the FWW method.  See Complaint ¶ 9, at 4.

The Plaintiffs assert claims for unpaid overtime pursuant to N.M.S.A. 1978, § 50-4-22 and argue that they are "entitled to the difference between what Schlumberger paid them based upon the [FWW calculation method] and the amount they were entitled to be paid based upon a straight calculation of one and one-half their hourly rate for every hour of overtime worked." Complaint ¶¶ 10, at 4. The Plaintiffs seek, pursuant to N.M.S.A. 1978, § 50-4-26, among other things, "all unpaid overtime [wages] for the entire time they worked for Schlumberger" plus prejudgment interest; "an additional amount equal to twice the unpaid wages;" and attorney's fees. Complaint ¶¶ 11-14, at 4-5. The Plaintiffs bring this action as a putative collective action on behalf of themselves and all those similarly situated. See Complaint ¶ 15, at 5

Schlumberger Technology moves the Court, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the action with prejudice and at the Plaintiffs' cost, arguing that the Plaintiffs' claims are time-barred. See Memorandum in Support of Defendant's Motion to Dismiss, filed January 4, 2011 (Doc. 5). Schlumberger Technology contends that the relief the Plaintiffs seek under N.M.S.A. 1978, § 50-4-26 is time barred under N.M.S.A. 1978, § 37-1-5. The Plaintiffs filed their Response in Opposition to Motion to Dismiss on January 21, 2011. See Doc. 9 ("Response"). On February 2, 2011, Schlumberger Technology filed its Reply in Support of Defendant's Motion to Dismiss. See Doc. 10.

At the March 16, 2011 hearing, the Plaintiffs stated that they do not dispute that their cause of action accrued in December 2007; they challenge only whether the amended statute of limitations applies retroactively. See Transcript of Hearing at 2:25-4:13 (taken March 16, 2011)("Tr.")("COURT: . . . [Y]ou are only challenging the retroact[ivity] -- your only issue is the

retroactive application.  MR. W. T. MARTIN JR.: I think that's accurate, yes.").[1]  The Plaintiffs also

agreed that the Court could decided whether their claims are time barred on a motion to dismiss.

<u>See</u> Tr. at 4:23-5:8 (Court, Martin).  The parties agreed that the Court should decide whether this

action is time barred before it decides class certification issues.  <u>See</u> Tr. at 24:25-25:22 (Court,

Banta, Martin).

 The parties stated that N.M.S.A. 1978, § 37-1-5 was not amended in response to this

litigation.  <u>See</u> Tr. at 7:9-16 (Court, Martin); <u>id.</u> at 20:4-12 (Banta); <u>id.</u> at 20:13-21:11 (Court,

Martin).  Schlumberger Technology stated that N.M.S.A. 1978, § 37-1-5's legislative history

suggested that the amendment was an effort to align N.M.S.A. 1978, § 37-1-5 with the Fair Labor

Standards Act.  <u>See</u> Tr. at 7:16-8:1 ("MR. BANTA: . . . Under the Fair Labor Statute Act the

maximum statute of limitations is three years, and that is now what the New Mexico legislature has

run with[ ] the amended version.").  The parties also stated that the Supreme Court of New Mexico

decisions from when New Mexico was a territory continue to be good law.  <u>See</u> Tr. at 9:16-19

(Banta); <u>id.</u> at 18:5-17 (Martin).  The parties further agreed that New Mexico state law on retroactive

application of statutes accords with federal caselaw on determining whether a statute applies

retroactively.  <u>See</u> Tr. at 10:15-12:6 (Court, Banta); <u>id.</u> at 17:16-23 (Court, Martin); <u>id.</u> at 21:24-22:7

(Banta).

## LAW REGARDING MOTIONS TO DISMISS AND THE AFFIRMATIVE DEFENSE OF STATUTE OF LIMITATIONS

 While the statute of limitations is an affirmative defense, when the dates given in the
complaint make clear that the right sued upon has been extinguished, the plaintiff has
the burden of establishing a factual basis for tolling the statute.  Statute of limitations
questions may, therefore, be appropriately resolved on a Fed. R. Civ. P. 12(b)

---

[1]  The Court's citations to the transcript of the hearing refer to the court reporter's original,
unedited version.  Any final transcript may contain slightly different page and/or line numbers.

motion.

Aldrich v. McCulloch Prop., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).   Accord Gibson v. Parish, No. 08-7103, 360 F. App'x 974, 977 (10th Cir. Jan. 13, 2010).   See Jones v. Bock, 549 U.S. 199, 215 (2007)(holding that, "[i]f the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

"Statutes of limitation are vital to the welfare of society and are favored in the law.  They are found and approved in all systems of enlightened jurisprudence.  An important public policy lies at their foundation. They stimulate to activity and punish negligence." Wood v. Carpenter, 101 U.S. 135, 139 (1879).  They reflect a balancing of "the interests in favor of protecting valid claims" and "the interests in prohibiting the prosecution of stale ones." Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 463-64 (1975).  Statutes of limitations

> are statutes of repose; and although affording plaintiffs what the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise.

United States v. Kubrick, 444 U.S. 111, 117 (1979).

> Statutes of limitations are not simply technicalities.  On the contrary, they have long been respected as fundamental to a well-ordered judicial system. . . .  [I]n the judgment of most legislatures and courts, there comes a point at which the delay of a plaintiff in asserting a claim is sufficiently likely either to impair the accuracy of the factfinding process or to upset settled expectations that a substantive claim will be barred without respect to whether it is meritorious.

Bd. of Regents v. Tomanio, 446 U.S. 478, 487 (1980), abrogation on other grounds recognized in Fogle v. Slack, No. 10-1335, 2011 WL 1334394, *5 (10th Cir. Apr. 8, 2011)(unpublished).  Thus, once a legislative body has determined what is a sufficient period for bringing a claim, the courts should refuse to hear the claim after that time has passed.  See Guar. Trust Co. v. United States, 304

U.S. 126, 136 (1938).

## FEDERAL LAW REGARDING PROSPECTIVE APPLICATION OF LEGISLATION

In <u>Landgraf v. USI Film Products</u>, 511 U.S. 244 (1994), the Supreme Court of the United

States noted:

> As Justice Scalia has demonstrated, the presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic. Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted. For that reason, the "principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal." [<u>Kaiser Aluminum & Chem. Corp. v. Bonjorno</u>, 494 U.S. 827, 855 (1990)(Scalia, J., concurring)]. In a free, dynamic society, creativity in both commercial and artistic endeavors is fostered by a rule of law that gives people confidence about the legal consequences of their actions.

> It is therefore not surprising that the antiretroactivity principle finds expression in several provisions of our Constitution. The Ex Post Facto Clause flatly prohibits retroactive application of penal legislation. Article I, § 10, cl. 1, prohibits States from passing another type of retroactive legislation, laws "impairing the Obligation of Contracts." The Fifth Amendment's Takings Clause prevents the Legislature (and other government actors) from depriving private persons of vested property rights except for a "public use" and upon payment of "just compensation." The prohibitions on "Bills of Attainder" in Art. I, §§ 9-10, prohibit legislatures from singling out disfavored persons and meting out summary punishment for past conduct. <u>See, e.g.</u>, <u>United States v. Brown</u>, 381 U.S. 437, 456-462 . . . (1965). The Due Process Clause also protects the interests in fair notice and repose that may be compromised by retroactive legislation; a justification sufficient to validate a statute's prospective application under the Clause "may not suffice" to warrant its retroactive application. <u>Usery v. Turner Elkhorn Mining Co.</u>, 428 U.S. 1, 17 . . . (1976).

> These provisions demonstrate that retroactive statutes raise particular concerns. The Legislature's unmatched powers allow it to sweep away settled expectations suddenly and without individualized consideration. Its responsivity to political pressures poses a risk that it may be tempted to use retroactive legislation as a means of retribution against unpopular groups or individuals. As Justice Marshall observed in his opinion for the Court in <u>Weaver v. Graham</u>, 450 U.S. 24 . . . (1981), the Ex Post Facto Clause not only ensures that individuals have "fair warning" about the effect of criminal statutes, but also "restricts governmental power by restraining arbitrary and potentially vindictive legislation." <u>Id.</u>, at

28-29 . . . (citations omitted).

511 U.S. at 265-67 (footnotes omitted).

The Supreme Court set forth an analysis that courts use to determine whether a statute applies retroactively.  See 511 U.S. at 280.  First, the court examines whether the legislature expressly provided in the statute that it applies retroactively.  See Landgraf v. USI Film Prods., 511 U.S. at 280.  If the legislation is expressly retroactive, the analysis ends, and the legislature's express intent controls.  See 511 U.S. at 280.  If there is no express language regarding retroactivity, the court must analyze whether the statute, if applied retroactively, "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed."  511 U.S. at 280.  If the statute, as applied, would have one of these three effects, the statute will not be applied retroactively absent clear legislative intent to the contrary.  See 511 U.S. at 280; Valdez-Sanchez v. Gonzales, 485 F.3d 1084, 1088 (10th Cir. 2007).

Accordingly, when analyzing whether a statute of limitations bars a cause of action, courts will usually apply the statute in effect at the time of the alleged violation.  Since issuing its decision in Landgraf v. USI Film Products, the Supreme Court has approvingly cited language holding that a federal statute "that lengthens the applicable statute of limitations may not be applied retroactively to revive a plaintiff's claim that was otherwise barred under the old statutory scheme" unless there is clear legislative intent to do so.  Hughes Aircraft Co. v. United States ex rel. Schumer, 520 U.S. 939, 950 (1997).  "[E]xtending a statute of limitations after the pre-existing period of limitations has expired impermissibly revives a moribund cause of action."  Hughes Aircraft Co. v. United States ex rel. Schumer, 520 U.S. at 950.  See Winfree v. Northern Pac. Ry. Co., 227 U.S. 296, 302 (1913) ("[A] statute which permits recovery, in cases where recovery could not be had before, and takes

-7-

from the defendant defenses which formerly were available . . . . should not be construed as retrospective.").

## LAW REGARDING NEW MEXICO'S STATUTE OF LIMITATIONS

New Mexico law controls whether a New Mexico statute of limitation is retroactive.  See Miller v. LaSalle Bank Nat'l Ass'n, 595 F.3d 782, 788 n.5 (7th Cir. 2010)("The Trustee notes that the Supreme Court's analysis of the retroactive effect of statutes is not controlling on the state law question . . . .  Of course, we cite Landgraf as persuasive authority.").  There does not appear to be any distance, however, between Supreme Court analysis and New Mexico law.  In State v. Morales, the Supreme Court of New Mexico quoted Landgraf v. USI Film Products when summarizing the requirements for determining whether a statutory amendment applies retroactively:

Thus, to determine whether a statutory amendment is retroactive

the court must ask whether the new provision attaches new legal consequences to events completed before its enactment.  The conclusion that a particular rule operates "retroactively" comes at the end of a process of judgment concerning the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event . . . .  [F]amiliar considerations of fair notice, reasonable reliance, and settled expectations offer sound guidance.

148 N.M. 305, 309, 236 P.3d 24, 28 (2010)(quoting Landgraf v. USI Film Prods., 511 U.S. at 269–70)(interpreting a New Mexico statute of limitation).  Other New Mexico caselaw looks to Supreme Court of the United States's precedent on retroactivity.  See, e.g., Gallegos v. Pueblo of Tesuque, 132 N.M. 207, 219-20, 46 P.3d 668, 680-81 (2002)("The principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal human appeal."  (quoting Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. at 855 (Scalia, J., concurring))); Wegner v. Hair Prods. of Tex., 137 N.M. 328, 332, 110 P.3d

544, 548 (Ct. App. 2005)(citing <u>Landgraf v. USI Film Products</u> for the principle that, "[i]f retroactive application of a newly enacted law attaches new legal consequences to events completed before its enactment, substantial rights are affected, and prospective application is generally required").  Moreover, N.M.S.A. 1978, § 12-2A-8, which was enacted in 1997 and is titled "Prospective Operation," provides that "[a] statute or rule operates prospectively only unless the statute or rule expressly provides otherwise," which mirrors the standard set forth in <u>Landgraf v. USI Film Products</u>.  <u>See</u> 511 U.S. at 280 ("[T]he court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. . . .  If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result."); <u>Wilson v. N.M. Lumber & Timber Co.</u>, 42 N.M. 438, 439, 81 P.2d 61, 62 (1938)("The general rule is that statutes, except those dealing with remedial procedure, are to be construed as prospective rather than retrospective unless there is a clear legislative intention to the contrary."  (citations omitted)).

Thus, under New Mexico law, "the general rule is that statutes apply prospectively unless the Legislature manifests clear intent to the contrary." <u>Gallegos v. Pueblo de Tesuque</u>, 132 N.M. at 219, 46 P.3d at 680.  "[A] statute or regulation is considered retroactive if it impairs vested rights acquired under prior law or requires new obligations, imposes new duties, or affixes new disabilities to past transactions."  <u>Wood v. State of N.M. Educ. Ret. Bd.</u>, 149 N.M. 455, 250 P.3d 881, 886 (Ct. App. 2010)(citing <u>Coleman v. United Eng'rs & Constructors, Inc.</u>, 118 N.M. 47, 52, 878 P.2d 996, 1001 (1994)).

1.     <u>N.M.S.A. 1978, § 37-1-5.</u>

Section 37-1-5 of the New Mexico Code sets forth the limitations period for the Plaintiffs' claims.  Until June 15, 2009, § 37-1-5 provided:

> All suits and actions for the recovery of unpaid overtime compensation or damages
> in connection therewith, whether arising under contract or a state or a federal law or
> administrative ruling, shall be brought within one (1) year after the accrual of such
> a cause of action, or three (3) months after this act takes effect, whichever is the
> later, and not thereafter.  Nothing in this act shall be construed as reviving or
> extending any cause of action which may now or hereafter be barred by any other
> statute.

N.M.S.A. 1978, § 37-1-5 (2007).  After the June 15, 2009 Amendment, § 37-1-5 provides:

> A civil action to enforce any provision of Chapter 50, Article 4 NMSA 1978 shall
> be commenced within three years after a violation last occurs.  The three-year period
> shall be tolled during a labor relations division of the workforce solutions department
> investigation of an employer, but such an investigation shall not be deemed a
> prerequisite to a person bringing a civil action, nor shall it operate to bar a civil
> action brought pursuant to Chapter 50, Article 4 NMSA 1978.

N.M.S.A. 1978, § 37-1-5.

### 2.     New Mexico Caselaw on the Retroactive Application of Statutes of Limitations.

The Supreme Court of New Mexico has long recognized that the New Mexico Legislature

may revive time-barred causes of action through legislation.  In Orman v. Van Arsdell, 12 N.M. 344,

78 P. 48 (N.M. Terr. 1904), the Supreme Court held that a defendant's right to defeat a time-barred

cause of action "may be taken away at will by the Legislature." 12 N.M. at 348, 78 P. at 48 (citing

Campbell v. Holt, 115 U.S. 620 (1885)).  As a result, the expiration of a former limitation period

before a lawsuit is filed may not automatically bar a plaintiff's cause of action if the Legislature

intended for the amended statute to apply retroactively.  Under New Mexico law,

> [i]t may be assumed that statutes of limitation will be construed prospectively, unless
> existing causes are clearly within its terms.  It is fair to assume in this territory,
> especially in view of our Bill of Rights, that courts will not construe an act
> retroactively unless compelled so to do by the language used.

Orman v. Van Arsdell, 12 N.M. at 350, 78 P. at 50.  When a statute of limitations is specific to a

statutory right, it "is a limitation upon the right as well as the remedy."  Wilson v. N.M. Lumber &

Timber Co., 42 N.M. at 439, 81 P.2d at 62 (holding that an amendment extending a statute of

limitations did apply retroactively).  Accordingly, where the "Legislature evidence[s] no intention that the amending act [of the statute of limitation] should be retroactive[,] [courts] must . . . give it only prospective effect in accordance with the general rule."  Wilson v. N.M. Lumber & Timber Co., 42 N.M. at 442, 81 P.2d at 64.  See Wall v. Gillett, 61 N.M. 256, 258, 298 P.2d 939 940-41 (1956)("There is nothing in the 1953 amendment which evidences any intention that it should be given retroactive effect.  We must, therefore, give it only prospective effect in accordance with the general rule and hold the one-year statute of limitations applicable in this case.").

## ANALYSIS[2]

The Plaintiffs do not dispute that their claims accrued no later than December of 2007.  See Complaint ¶ 9, at 4.  When the Plaintiffs' claims accrued, the applicable statute of limitations was one year.  That year passed without the Plaintiffs filing a claim.  The New Mexico Legislature then amended the statute of limitations to three years.  The Plaintiffs did not file this action until November 19, 2010 -- almost three years after Schlumberger Technology's last payment of overtime wages to the Plaintiffs based upon the FWW method.  See Complaint ¶ 9, at 4.

The Plaintiffs contend that the amended statute of limitations revived their expired claims.  The New Mexico Code provides that statutes operate prospectively unless the statute "expressly provides otherwise."  N.M.S.A. 1978, § 12-2A-8.  There is no express language providing that § 37-1-5, as amended, may be retroactively applied.  It cannot be reasonably disputed that the June 1,

---

[2] Although the Defendants attached to their motion, and cited both to Arnold v. Schlumberger Tech. Corp., No. CIV. 10-0346 MA\LAM, Memorandum Opinion and Order at 15 (D.N.M. Oct. 29, 2010)(Doc. 25), and Keen v. Schlumberger Tech. Corp, No. CV-2010-0052 (N.M. Fifth Jud. Dist. Ct., June 8, 2010), in which Schlumberger Technology's motions to dismiss similar claims on the basis of the same statute-of-limitations bar were granted, counsel has confirmed that there is no challenge to, or effort to enforce, the rule of law set forth in those cases.  See Tr. at 4:6-25; 5:1-6.  The opinions accord with the Court's decision in this order.

2009 amendment to § 37-1-5 "attaches new legal consequences to events completed before its enactment, [such that] substantial rights are affected," State v. Morales, 148 N.M. at 309, 236 P.3d at 28 (quoting Landgraf v. USI Film Prod., 511 U.S. at 280), because the extended statute of limitations, if applied retroactively, "imposes new duties, affixes new disabilities to past transactions." Wood v. State of N.M. Educ. Ret. Bd., 250 P.3d at 886 (citing Coleman v. United Eng'rs & Constructors, Inc., 118 N.M. at 52, 878 P.2d at 1001). See Hughes Aircraft Co. v. United States ex rel. Schumer, 520 U.S. at 950 ("[E]xtending a statute of limitations after the pre-existing period of limitations has expired impermissibly revives a moribund cause of action."); Landgraf v. USI Film Prod., 511 U.S. at 280 (stating a "statute would have a genuinely retroactive effect . . . where it would impair rights a party possessed when he acted, increase his liability for past conduct, or impose new duties with respect to transactions already completed"). Accordingly, where the "Legislature evidence[s] no intention that the amending act [of a statute of limitation] should be retroactive[,] [courts] must . . . give it only prospective effect in accordance with the general rule." Wilson v. N.M. Lumber & Timber Co., 42 N.M. at 442, 81 P.2d at 64. See Wall v. Gillett, 61 N.M. at 258, 298 P.2d at 940-41 ("There is nothing in the 1953 amendment which evidences any intention that it should be given retroactive effect. We must, therefore, give it only prospective effect in accordance with the general rule and hold the one-year statute of limitations applicable in this case.").

In Wilson v. New Mexico Lumber & Timber Co., the Supreme Court of New Mexico held that an amendment to the statute of limitations for worker's compensation claims did not apply retroactively in the absence of express legislative intent. The Supreme Court stated:

> Claimant seeks to recover from defendant under the workmen's compensation act of New Mexico for injuries sustained on April 13, 1937. At the time of the injury the statute (1929 Comp., § 156-113) limited the time within which such a claim could

be filed to six months after refusal or failure of the employer to pay compensation. On June 11, 1937, there became effective an amendment of that section (L.1937, c. 92, § 7) which substituted the words "one year" for the words "six months." Claimant's suit was filed December 16, 1937, and the employer demurred on the ground "That said claim as so filed shows on its face that the statute of limitations has run against said claim and by virtue thereof the claimant's claim for compensation, all right to recover the same and the bringing of any legal proceeding for the recovery thereof are all forever barred." The district court sustained the demurrer and claimant appealed.

42 N.M. at 439, 81 P.2d at 62. The plaintiff contended "that the one year period within which claims may be filed under the amendment is applicable to the injury which occurred before the amended act became effective, especially since the six months' period specified in Section 156-113 had not expired before the effective date of the amendatory act." 42 N.M. at 439, 81 P.2d at 62. Thus, "[i]n order for claimant to come under the amended act, said act would have to receive a retroactive construction." 42 N.M. at 439, 81 P.2d at 62.

The Supreme Court of New Mexico noted in <u>Wilson v. New Mexico Lumber & Timber Co.</u> that "[t]he general rule is that statutes, except those dealing with remedial procedure, are to be construed as prospective rather than retrospective unless there is a clear legislative intention to the contrary." 42 N.M. at 439, 81 P.2d at 62 (citations omitted)). The Supreme Court further stated that the statute of limitations, which was specific to the Workmen's Compensation Act, was "a limitation on the right of action, which is wholly statutory, and not a mere limitation on the remedy." 42 N.M. at 441, 81 P.2d at 64. The Supreme Court held: "The Legislature evidenced no intention that the amending act should be retroactive. We must, therefore, give it only prospective effect in accordance with the general rule. Hence, claimant's right of action expired at the end of the six months' period of limitations applicable." 42 N.M. at 441, 81 P.2d at 64.

Similarly, in <u>Wall v. Gillett</u>, the Supreme Court of New Mexico addressed "whether the 1953 amendment allowing three years for the bringing of suit under our wrongful death statute, Laws

-13-

1953, ch. 30, § 1, being § 22-20-2, N.M.S.A.1953, effective June 12, 1953, controls in the case of

death occurring in 1952 instead of the one-year period theretofore allowed, N.M. Comp. St. 1929,

§ 36-103."  61 N.M. at 257, 298 P.2d at 940.  The plaintiff was injured in an automobile accident

on August 30, 1952, and died in the care of the defendant doctor on September 4, 1952.  At the time

of death, a one-year statute of limitations governed wrongful death suits.  On June 12, 1953, an

amendment to the statute of limitations became effective, extending the time limit to three years.

The plaintiff filed a wrongful death suit on March 9, 1955.  The "motion to dismiss on the ground

the action was barred by the statute of limitations was sustained and the complaint was dismissed

with prejudice."  61 N.M. at 257, 298 P.2d at 940.

      The plaintiff appealed, arguing that "the 1953 amendment protected her cause of action and

gave three years from the date of death in which to file suit."  61 N.M. at 257, 298 P.2d at 940.  The

Supreme Court of New Mexico rejected the plaintiff's argument:

>       Such is the rule under our general limitation statutes, which deal only with
> remedial procedure; but the limitation provision applicable to actions for wrongful
> death is not only a limitation on the remedy but also on the right to institute such
> action . . . .
>
> . . . .
>
>       In an action under the Workmen's Compensation Act brought under
> circumstances identical with this case, that is, where a change had been made in the
> time within which suit could be brought, Wilson v. New Mexico Lumber & Timber
> Co., 1938, 42 N.M. 438, 81 P.2d 61, we held the limitation statute in effect at the
> time of the injury controlled.  The claim was barred under the six months' limitation
> statute in effect at the time of injury, N.M. Comp. St. 1929, § 156-113, but would
> have been timely made if the 1937 Act, Ch. 92, § 7, had governed.
>
>       The authorities were thoroughly reviewed in that case by Justice Sadler and
> it would not serve any useful purpose to repeat them here.  The decision is bottomed
> on the rule that where not only the remedy is involved, but also the right to maintain
> such action, such an amendment is given only prospective effect. . . .  There, as here,
> the suit was filed too late if the act in effect at the time of death controlled, but timely
> filed if the amendment governed.  It was held the limitation in effect at the time of

death governed the right to prosecute the action and that the defendant was exempt from all claims after the expiration of the time fixed.

There is nothing in the 1953 amendment which evidences any intention that it should be given retroactive effect. We must, therefore, give it only prospective effect in accordance with the general rule and hold the one-year statute of limitations applicable in this case.

61 N.M. at 257-58, 298 P.2d at 940-41.

Thus, even where a cause of action is not yet time barred, when the legislature amends the statute of limitations without making the amendment expressly retroactive, the Supreme Court of New Mexico applies the statute of limitations that is specific to the statute at the time the case of action accrued and not the amended time limit. The statute of limitations at issue in this case is specific to "[a]ctions for wage and hour violations." N.M.S.A. 1978, § 37-1-5. The time limit applies specifically to "[a] civil action to enforce any provision of Chapter 50, Article 4 NMSA 1978." See N.M.S.A. 1978, § 37-1-5 (2007)("Nothing in this act shall be construed as reviving or extending any cause of action . . . ." (emphasis added)). Consequently, it is not a "general limitation statute[ ]," which is only "a limitation on the remedy"; rather, it is "specifically tied to a statutory right of action," State v. Morales, 148 N.M. at 310, 236 P.3d at 29, and as such it is a limitation "on the right to institute such action," Wall v. Gillett, 61 N.M. at 257, 298 P.2d at 940. Consequently, because the amended statute of limitations does not evince "any intention that it should be given retroactive effect[,] [the Court] must . . . give it only prospective effect in accordance with the general rule and hold the one-year statute of limitations applicable in this case." Wall v. Gillett, 61 N.M. at 258, 298 P.2d at 940-41.

Moreover, unlike the claims in Wilson v. New Mexico Lumber & Timber Co. and in Wall v. Gillett, the Plaintiffs' claims were "already barred by preexisting law before the amendment of the law enlarging the time in which the action may be commenced." Grygorwicz v. Trujillo, 140

N.M. 129, 134, 140 P.3d 550, 555 (Ct. App. 2006).  In <u>Grygorwicz v. Trujillo</u>, the Court of Appeals

of New Mexico noted that other jurisdictions have held that "the expiration of the original statutes

of limitations before enactment of the new statute create[s] vest[s] rights, substantive in nature, to

be free from suit."  140 N.M. at 134, 140 P.3d at 555 (citing <u>Doe v. Roman Catholic Diocese of</u>

<u>Jefferson City</u>, 862 S.W.2d 338, 341, 342 (Mo. 1993)(en banc); <u>Rice v. Louis A. Williams &</u>

<u>Assocs.</u>, 86 S.W.3d 329, 335 (Tex. Ct. App. 2002)(stating that, "after a cause of action is barred by

a statute of limitations, a defendant has a vested right to rely on a statute as a defense if his or her

suit is pending at the time the [new] statute of limitations became effective").  Accordingly, the

Supreme Court of New Mexico, addressing whether an amended statute of limitations revived a

time-barred claim, stated in <u>Orman v. Van Arsdell</u> that

> [i]t may be assumed that statutes of limitation will be construed prospectively, unless
> existing causes are clearly within its terms.  It is fair to assume in this territory,
> especially in view of our Bill of Rights, that courts will not construe an act
> retroactively unless compelled so to do by the language used.

12 N.M. at 350, 78 P. at 50.  Thus, even if the N.M.S.A. 1978, § 37-1-5 were a general limitation

statute, because the Plaintiffs' claims are time-barred, the amended statute of limitation would apply

only prospectively absent a clear expression of legislative intent making the statute retroactive.

There is nothing in N.M.S.A. 1978, § 37-1-5 that suggests the statute should be applied

retroactively.

The Plaintiffs assert that N.M.S.A. 1978, § 37-1-5 is expressly retroactive.  <u>See</u> Response

at 5.  They argue that, although the version of N.M.S.A. 1978, § 37-1-5 that was in effect on the last

day the Defendant allegedly violated their rights appears to bar their claims, the amendment

effective June 1, 2009 should be applied "retroactively so as to allow the Plaintiffs to proceed with

their suit," because, "[b]y deleting the prohibition against reviving causes of action and prohibiting

retroactive application, the Legislature clearly intended for the statute to revive barred actions."

Response at 3, 5-6.  The Court does not agree.  The Legislature did not delete a "prohibition against

reviving causes of action and prohibiting retroactive application"; it deleted language stating that

"[n]othing in this act shall be construed as reviving or extending any cause of action which may now

or hereafter be barred by ***any other statute***."   N.M.S.A. 1978, § 37-1-5 (2007)(emphasis added).

The deleted sentence does not apply to an amended version of the **same** statute.  The Court finds

persuasive the Supreme Court of the United States' rejection of a similar argument in <u>Landgraf v.</u>

<u>USI Film Products</u>.   The plaintiff contended that the language "[n]otwithstanding any other

provision of this Act" expressed congressional intent to limit the scope of the statute of limitations

in question.  The Supreme Court of the United States stated:

> Turning to the text of § 402(b), it seems unlikely that the introductory phrase
> ("Notwithstanding any other provision of this Act") was meant to refer to the
> immediately preceding subsection.  Since petitioner does not contend that any other
> provision speaks to the general effective date issue, the logic of her argument
> requires us to interpret that phrase to mean nothing more than "Notwithstanding
> § 402(a)."   Petitioner's textual argument assumes that the drafters selected the
> indefinite word "otherwise" in § 402(a) to identify two specific subsections and the
> even more indefinite term "any other provision" in § 402(b) to refer to nothing more
> than § 402(b)'s next-door neighbor -- § 402(a).  Here again, petitioner's statutory
> argument would require us to assume that Congress chose a surprisingly indirect
> route to convey an important and easily expressed message concerning the Act's
> effect on pending cases.

511 U.S. at 262.  The Plaintiffs' textual argument similarly requires that the Court make a strained

interpretation of the New Mexico legislature's intent -- that the Legislature eliminated a reference

to N.M.S.A. 1978, § 37-1-5's affect on other statutes to expressly make N.M.S.A. 1978, § 37-1-5

retroactive.   Like the textual argument the Supreme Court rejected in <u>Landgraf v. USI Film</u>

<u>Products</u>, this contention requires the Court to believe that the New Mexico Legislature "chose a

surprisingly indirect route to convey an important and easily expressed message concerning the Act's

effect on pending cases."   511 U.S. at 262.   The Court is unpersuaded that the New Mexico Legislature took this course.   Moreover, the Court must assume that the Legislature was aware of its own 1997 statute providing that a statute will retroactively apply *only* if express language so provides.   <u>See</u> N.M.S.A. 1978, § 12-2A-8.   The Court thus will not construe the deletion of the sentence to substitute for express language related to retroactive application.

The Plaintiffs' claims therefore expired, at the latest, on December 31, 2008, almost six months before the New Mexico legislature amended § 37-1-5, and almost two years before the Plaintiffs filed this lawsuit.   Because there is no evidence of a clear legislative intent to apply § 37-1-5, as amended in June 2009, retroactively to revive causes of action that had already been extinguished by the running of the statute of limitations, the Court will grant the Defendant's motion to dismiss.

**IT IS ORDERED** that Defendant's Motion to Dismiss, filed January 1, 2011 (Doc. 4), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

W. T. Martin, Jr.
Martin, Dugan & Martin
Carlsbad, New Mexico

 *Attorneys for the Plaintiffs*

Jeffrey L. Lowry
Rodey, Dickason, Sloan, Akin & Robb, P.A.

Albuquerque, New Mexico

-- and --

Michael S. Hudson
The Kullman Firm
Columbus, Mississippi

-- and --

Benjamin H. Banta
The Kullman Firm
New Orleans, Louisiana

      *Attorneys for the Defendant*